## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

TIMOTHY RAY BURTON                                                    PLAINTIFF

V.                            No. 4:19CV00645-DPM-JTR

ARKANSAS DEPARTMENT OF
CORRECTION, Grimes Unit
Infirmary, *et al.*                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On September 18, 2019, Plaintiff Timothy Ray Burton ("Burton") initiated this *pro se* § 1983 action alleging that, while he was a pretrial detainee at the Saline County Detention Facility ("SCDF"), Defendants violated his constitutional rights.

*Doc. 2.* For the reasons that follow, the Court recommends that the case be dismissed, without prejudice.

## II. Discussion

In his Complaint, Burton alleges: (1) he was denied hepatitis-C treatment for twelve months while in the SCDF; and (2) he submitted two sick call requests and "they" drew his blood at least six times, but no medical treatment was started. *Doc. 2 at 4.* As Defendants, he names two SCDF nurses, "Mrs. Erin" and "Mrs. Stephanie," without providing their last names or making any specific factual or legal allegations against them. He also names the Arkansas Department of Correction ("ADC") and the "Grimes Unit Infirmary" as Defendants. *Id. at 1-3.* As relief, he seeks monetary damages and an injunction. *Id. at 5.*

### A.    Burton Has Failed to Comply with Three Court Orders

On September 24, 2019, the Court entered an Order advising Burton of his responsibilities as a *pro se* litigant, including his obligation to comply with Local Rule 5.5(c)(2), which provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. … If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

2

*Doc. 3 at 1.* The Order also advised Burton that he was required to provide sufficient information to identify and properly serve "all Defendants, including 'Doe' Defendants," and that "[a]ny Defendant who is not served within 90 days may be dismissed, without prejudice, from this lawsuit." *Id. at 2.*

On December 10, 2019, the Court entered an Order advising Burton of pleading deficiencies in his Complaint, which prevented the Court from screening it as required by 28 U.S.C. § 1915A.[1] *Doc. 5.* These deficiencies included his failure to make *any* factual allegations describing his claims against the two SCDF nurses, who were identified by only their first names. The Court also informed Burton that, as a matter of law, the SCDF, the ADC, and "the infirmary" were not proper party Defendants.[2] *Id. at 2-3.* To correct these deficiencies, the Court ordered Burton to file an Amended Complaint that stated:

> (1) the names of all the *individuals* that he believes deprived him of his constitutional rights and whom he wishes to sue in this action; (2) the dates he was incarcerated at the SCDF; (3) the dates he requested medical treatment for hepatitis C at the SCDF, and the names of the SCDF personnel to whom he made those requests; (4) the dates he was

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

[2]The Court noted that it was unclear why Burton had named the ADC and the Grimes Unit infirmary as Defendants. *Doc. 5 at 2.* At the time he initiated this action, Burton was a pretrial detainee at the SCDF, awaiting trial on pending criminal charges, and all of his vaguely described claims related to the medical care he received or failed to receive while in the SCDF. *See Doc. 2 at 3-4.*

seen by any medical personnel at the SCDF, the names of those individuals, and any treatment they provided; (5) what medical treatment Burton believes he should have received at the SCDF for his medical condition, and how he was harmed by the denial or delay in treatment; (6) *why* he has named Defendants only in their official capacity and whether he also wishes to sue them in their individual capacity; and (7) *why* he named the ADC Grimes Unit Infirmary as a Defendant.

*Id. at 3.*

The Court also informed Burton that he was required to provide sufficient identifying information about each Defendant so the United States Marshals Service ("USMS") could serve them with the Complaint. *Id. at 2-3.* Finally, Burton was cautioned that, if he did not file an Amended Complaint "containing the information specified in this Order," his case "will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2)." *Id. at 4.* The Clerk mailed a copy of the Order to Burton at his address of record, the SCDF, along with a blank § 1983 complaint form labeled "Amended Complaint."

The Court's December 10, 2019 Order, and the Amended Complaint form, were returned undelivered, with the notation "Not here." *Docs. 6-7.* Burton did not file an Amended Complaint within thirty days of the Order.

On January 28, 2020 – seven weeks after the SCDF rejected Burton's mail because he was "not here" – Burton filed a notice of change of address, indicating that he had been released from incarceration. *Doc. 8.* For the second time, the Clerk

4

mailed Burton the December 10, 2019 Order and a blank Amended Complaint form at his new address. *See 01/28/20 docket note*. On January 29, the Court entered an Order: (1) directing Burton to file a free-world application to proceed *in forma pauperis* if he had been released from incarceration; and (2) allowing him thirty additional days to file an Amended Complaint that complied with the December 10, 2019 Order. The Court again warned Burton that, if he did not "timely and properly" comply, his case "will be dismissed." *Doc. 9.*

On February 24, 2020, Burton filed a free-world *in forma pauperis* application, but no Amended Complaint. *Doc. 10.*

On March 31, 2020, the Court entered a third Order giving Burton "a final opportunity" to file an Amended Complaint. He was given fourteen days to comply, and was warned that his failure to do so "will result in dismissal of his case." *Doc. 12.*

On April 8, 2020, Burton filed a one-page Amended Complaint. *Doc. 13.* However, it merely states that he is seeking $3 million in damages for inadequate medical treatment, and fails to provide *any* of the information required by the December 10, 2019 Order. As Defendants, the Amended Complaint names the ADC, the "Grimes Unit Infirmary," and the SCDF, entities that are *not* proper Defendants, as the Court previously explained to Burton in its December 10, 2019 Order. *See Doc. 5 at 2.* The Amended Complaint does not name any SCDF nurses as Defendants

5

and it states no claims against any individual Defendants.

Local Rule 5.5(c)(2) allows dismissal of a *pro se* case where the litigant has failed to respond, within thirty days, to any communication from the Court. *See Settlemire v. Watson,* 877 F.2d 13, 14 (8th Cir. 1989) (affirming dismissal of prisoner's *pro se* complaint, without prejudice, pursuant to local rule allowing dismissal where litigant fails to respond to communication of court within thirty days). In addition, under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed for failure to prosecute or comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803 (8th Cir. 1986) (under Rule 41(b), court may dismiss action for *pro se* litigant's failure to comply with any court order).

Here, Burton did *not* file an Amended Complaint within thirty days of the Court's December 10, 2019 Order and, after his release from the SCDF, he waited at least seven weeks before notifying the Court of his change of address. Despite these technical violations of Local Rule 5.5(c)(2), on January 29, 2020, the Court gave Burton an additional thirty days to file an Amended Complaint, along with a free-world *in forma pauperis* application. *Doc. 9.* When Burton partially complied with the Court's January 29, 2020 Order, by filing an *in forma pauperis* application, the Court entered another Order giving him a *third* opportunity to file an Amended

Complaint. Burton then filed a timely Amended Complaint which, *in no way*, complied with the Court's specific instructions as set forth in the December 10, 2019 Order.

Accordingly, Burton's case should be dismissed, without prejudice, for failing to comply with three Court's Orders and to diligently prosecute his case.

### B.    Burton's Pleadings Fail to State a Claim Upon Which Relief May Be Granted

In addition, Burton's Complaint and Amended Complaint do not state a claim upon which any relief may be granted.

First, the ADC, the Grimes Unit infirmary, and the SCDF are not proper party Defendants. *See Howlett v. Rose,* 496 U.S. 356, 358, 365 (1990) (explaining that § 1983 creates a remedy for constitutional violations committed by "persons acting under color of state law," and that a state and its agencies are not "persons"); *Brown v. Missouri Department of Corrections,* 353 F.3d 1038, 1041 (8th Cir. 2004) (Missouri Department of Corrections was "not a proper party" under § 1983)*; Owens v. Scott County Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) (county jail is not an entity that can be sued under § 1983).

Second, in its December 10, 2019 Order directing Burton to file an Amended Complaint, the Court explicitly advised him that he must provide "sufficient identifying information about each Defendant (including last names) so that the

[USMS] can serve them with the Complaint." *Doc. 5 at 2-3.* Despite this clear instruction, Burton has failed to come forward with any other information to identify, or enable the USMS to effectuate service upon, the two "Doe" Defendant nurses. *See* Fed. R. Civ. P. 4(m) (providing that, if a defendant is not served within ninety days after a complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time"); *King v. Busby*, 162 F. App'x 669, 671 (8th Cir. 2006) (finding no error from the court's failure to complete service of process on prison nurse, where prisoner failed to provide a proper address); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993) (explaining that it is responsibility of a prisoner proceeding *pro se* and *in forma pauperis* in a § 1983 action to provide a proper service address for each defendant); *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir. 1985) (dismissal of a "John Doe" defendant named by a plaintiff proceeding *in forma pauperis* is proper when it appears that the true identity of the defendant cannot be learned). Thus, all claims against the two SCDF nurses are subject to dismissal due to lack of service.

Finally, even if Burton could identify the nurses, his Complaint and Amended Complaint make *no factual or legal allegations* against either of them. In the December 10, 2019 Order directing Burton to file an Amended Complaint, the Court explicitly advised him that he must "identify specific *individuals* who were *personally involved* in the alleged constitutional wrongdoing" and must provide

8

*specific facts* (*i.e.*, dates and other details) about their alleged misconduct. *Doc. 5 at 2-3.* Despite these clear instructions, his Amended Complaint fails to identify *any* individuals or provide *any* facts demonstrating how the unidentified nurses, or anyone else, violated his constitutional rights. *Doc. 13.*

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely naming an individual or entity as a Defendant is insufficient to state a claim against that individual or entity. *See Krych v. Hvass,* 83 F. App'x 854, 855 (8th Cir. 2003) (holding that *pro se* plaintiff failed to state a claim against individuals that he "merely listed" in the complaint as defendants). Instead, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and the complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 676 & 678. Liability under § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Burton has not alleged sufficient personal involvement on the part of *either* of the SCDF nurses, or any other individual, regarding his claim that he is entitled to damages for inadequate

medical care claim.[3]

For all the reasons stated above, the Court recommends that Burton's § 1983 Complaint and Amended Complaint be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Burton's § 1983 Complaint and Amended Complaint (*Docs. 2 & 13*) be DISMISSED, WITHOUT PREJUDICE, due to his failure: (a) to comply with three Court Orders; and (b) to state a claim upon which relief may be granted.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 4th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3]Because Burton is no longer incarcerated at the SCDF, his request for injunctive relief is moot. *Zajrael v. Harmon,* 677 F.3d 353, 355 (8th Cir. 2012) (holding that a prisoner's request for injunctive relief is rendered moot when he is transferred to another facility and is no longer subject to the allegedly unconstitutional conditions).